UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LEVITON MANUFACTURING CO., INC,

                Plaintiff,

   -against-

GEORGE J. REEVE, JR., CHARLOTTE H.
REEVE, THE LAW FIRM OF ARTHUR M.
GAREL, and ARTHUR M. GAREL,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
11-CV-6238 (ADS)(ARL)

**APPEARANCES:**

**Littleton Joyce Ughetta Park & Kelly LLP**
*Attorneys for the Plaintiff*
1 Manhattanville Road
Suite 302
Purchase, NY 10577
    By: Bryon L. Friedman, Esq.,
        Jason P. Sultzer, Esq., Of Counsel

**Law Office of Maria del Carmen Calzom**
*Attorneys for the Defendants George J. Reeve, Jr. and Charlotte H. Reeve*
1825 Ponce De Leon Blvd #249
Coral Gables, FL 33134
    By: Maria del Carmen Calzon, Esq., Of Counsel

**The Law Firm of Arthur M. Garel**
*Pro Se Defendant and Attorneys for the Defendant Arthur M. Garel*
2701 S. Bayshore Drive
Suite 402
Miami, FL 33133

**SPATT, District Judge**.

      On December 22, 2011, the Plaintiff Leviton Manufacturing Co., Inc. ("Leviton" or "the

Plaintiff") commenced this action against the Defendants George J. Reeve, Jr., Charlotte H.

Reeve, The Law Firm of Arthur M. Garel, and Arthur M. Garel (collectively, "the Defendants"),

asserting claims for breach of contract, fraud, and negligent misrepresentation. Previously, the

Court ruled on three motions to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12 for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted. The motions were filed on behalf of (1) the Defendants the Law Firm of Arthur M. Garel and Arthur M. Garel (collectively the "Attorney Defendants"); (2) the Defendant Charlotte H. Reeve; and (3) the Defendant George J. Reeve, Jr. The motion made by the Defendants the Law Firm of Arthur M. Garel and Arthur M. Garel was granted, and the motions made by the Defendants Charlotte H. Reeve and George J. Reeve, Jr. (collectively the "Reeve Defendants") were granted in part and denied in part.

Specifically, the Court found that personal jurisdiction over the Attorney Defendants could not be exercised under New York's long-arm statute, so that the Attorney Defendants' motion to dismiss the Defendants Arthur Garel and the Law Firm of Arthur Garel for lack of personal jurisdiction was granted. Therefore, the Plaintiff's Complaint as to the Attorney Defendants was dismissed with prejudice.

With regard to the Reeve Defendants, the Court found that they were subject to personal jurisdiction on the basis of a forum selection clause. Therefore, the motions by George Reeve and Charlotte Reeve to dismiss the complaint for a lack of personal jurisdiction were denied. In addition, the Reeve Defendants' motions to dismiss the complaint for lack of subject matter jurisdiction were denied. Finally, the Reeve Defendants' motions to dismiss the Plaintiff's fraud claims for failure to state a claim pursuant to Rule 12(b)(6) were denied. However, the Court did grant the portion of the Reeve Defendants' motion which argued that the Plaintiff could not assert a claim for punitive damages under New York law.

## I. MOTION TO AMEND

On February 23, 2013, the Plaintiff filed a motion to amend the Court's order pursuant to Fed. R. Civ. P. 60(b), which has not been opposed by any defendant. Leviton brings this motion to request that the Court direct the dismissal of the Complaint as against the Attorney Defendants to be without prejudice rather than with prejudice in light of the dismissal's basis of a lack of *in personam* jurisdiction.

A motion for reconsideration in the Eastern District of New York is governed by Local Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

In this case, the Plaintiff relies on Fed. R. Civ. P. 60(b) to seek its request for reconsideration. Fed. R. Civ. P. 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding." Rule 60(b) provides the following grounds for relief from a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). See Jones v. UNUM Life Ins. Co. of America, 223 F.3d 130, 136 (2d Cir. 2000).

Relief under Rule 60(b) is "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "To grant a Rule 60(b) motion, the court must find that the evidence in support of the motion is highly convincing, that the movant has shown good cause for the failure to act sooner, and that no undue hardship is imposed on the other parties as a result." Figueroa v. Walsh, No. 00–CV–1160, 2008 U.S. Dist. LEXIS 35845, 2008 WL 1945350, *4 (E.D.N.Y. May 1, 2008) (citing Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). As with motions for reconsideration, the determination of a Rule 60(b) motion is left to "the sound discretion of the district judge." Wang v. State Univ. of New York Health Sciences Ctr. at Stony Brook, No. 02–CV–584, 2008 U.S. Dist. LEXIS 73289, 2008 WL 4415266, *2 (E.D.N.Y. Sept. 24, 2008).

Here, the Plaintiff asserts that a dismissal based on lack of jurisdiction is not an adjudication on the merits. Thus, because the resulting judgment of dismissal is not a determination of the claim, but rather a refusal to hear it, a plaintiff should thereafter have the opportunity to pursue it in an appropriate forum or when the preconditions have been met.

The Court agrees that the Order dated February 7, 2013, should be amended to state that the dismissal of the Attorney Defendants is *without* prejudice. See 35B C.J.S. Federal Civil Procedure § 844 ("Where the court is without jurisdiction, it is improper to make any order in the cause except to dismiss the suit. . . A dismissal of an action or complaint cannot be with prejudice and the order should not contain a provision to that effect where it is on the grounds of

4

want of jurisdiction."). Therefore, the Plaintiff's motion to amend pursuant to Rule 60(b) to reflect the dismissal of the Attorney Defendants to be without prejudice is granted.

## II. REQUEST FOR CERTIFICATE OF DEFAULT

The second issue the Court must address is that on March 7, 2013, the Plaintiff requested a Clerk's Certificate of Default as to the Defendants George J. Reeve, Jr. and Charlotte H. Reeve under Rule 55(a) of the Federal Rules of Civil Procedure. As set forth above, on February 7, 2013, the Court denied the Reeves' motions to dismiss, except as to the Plaintiff's punitive damages claim. Therefore, under Fed. R. Civ. P. 12(a)(4) and 6(d), the Reeves had 17 days from February 7, 2013, or Monday, February 25, 2013, to answer the Complaint. However, the Reeves failed to do so, and because their time to do so had expired, the Plaintiff accordingly requested a Clerk's Certificate of Default as to the Reeve Defendants under Local Rule 55.1.

However, on that same day, March 7, 2013, the Reeve Defendants filed their separate answers to the Complaint. (Docket Entry Nos. 38 & 40.) In addition, on that same day, each of the Defendants filed a motion for an extension of time to file their answers to the Complaint. (Docket Entry Nos. 39 & 41.) These motions for an extension of time include an affidavit from the Reeve Defendants' attorney, Maria del Carmen Calzon, Esq., which states that during the time when the answers were due to be filed, she was dealing with both the illness of her parent who is 99 years of age, as well as battling with her own personal illness that prevented her from filing the pleading as required by the Rules. She submits that her illness supports a finding of good cause to extend the time to file the answers and that the failure to act was the result of excusable neglect. Indeed, this is the second time that the Reeve Defendants have failed to comply with certain filing deadlines, and the same reason was provided for the previous delays.

5

In this regard, Counsel for the Reeve Defendants has stated that in light of her continuing health issues, she has suggested to the Reeve Defendants to explore the substitution of counsel.

In light of Counsel's affidavit, the Court now grants both George Reeve's and Charlotte Reeve's requests for extensions of time to file their answers, and therefore the Plaintiff's request for a Certificate of Default is denied. However, while the Court is of course sympathetic with regard to Defense Counsel's health issues, the Reeve Defendants should consider substitute counsel in order to avoid future filing delays that the Court may not excuse.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Order dated February 7, 2013, is hereby amended to state that the claims against the Attorney Defendants are dismissed *without* prejudice; and it is further

**ORDERED**, that the Plaintiff's request for a Clerk's Certificate of Default is denied; and it is further

**ORDERED**, that the Reeve Defendants' requests for extensions of time to file their answers are granted.

**SO ORDERED.**
Dated: Central Islip, New York
March 23, 2013

                                                     ___*/s/ Arthur D. Spatt*_____
                                                     ARTHUR D. SPATT
                                                     United States District Judge